UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTISHA SANDERS,           )
   Plaintiff,              )
                        )
v.                         )
                        )   Case No.:
                        )
AMIRA CHOICE SARASOTA      )
RE LLC,                    )
   Defendant.              )
_____     )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Artisha Sanders ("Plaintiff"), brings this action against Amira Choice Sarasota Re LLC., ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act ("FCRA"). Defendant subjected Plaintiff to race discrimination and a hostile work environment and failed to take appropriate corrective action.

## JURISDICTION AND VENUE

1. This is an action for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 et seq., and 42 U.S.C. § 1981.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in Sarasota County, Florida, within the Middle District of Florida.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC and Florida Commission on Human Relations, Charge No. 511-2024-04341.

6. On January 16, 2026, the EEOC issued a Dismissal and Notice of Rights.

7. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

8. Plaintiff has satisfied all conditions precedent to filing this action.

## PARTIES

9. Plaintiff, Artisha Sanders, is an African American woman and a resident of Bradenton, Florida.

10. Plaintiff was employed by Defendant beginning on or about August 13, 2024, as a CNA/Medical Tech Assistant.

11. Defendant, Amira Choice Sarasota Re LLC, is a Florida employer doing business in Sarasota County, Florida.

12. At all material times, Defendant employed more than fifteen (15) employees and was an employer within the meaning of Title VII and the FCRA.

## FACTUAL ALLEGATIONS

13. Plaintiff is African American and a member of a protected class under Title VII and the FCRA.

2

14. Plaintiff was qualified for her position and performed her job satisfactorily.

15. On August 29, 2024, Plaintiff was seated in the dining area with a coworker discussing that the use of the "N-word" is inappropriate in the workplace.

16. A coworker, Tonya Johnson, approached and repeatedly used the racial slur "nigger" in Plaintiff's presence.

17. Plaintiff politely asked Ms. Johnson to stop using the racial slur.

18. Ms. Johnson refused to stop and continued repeating the slur multiple times.

19. The harassment was severe, objectively offensive, and occurred repeatedly within a single incident. Ms. Johnson used the racial slur approximately fifteen (15) times within a single day, despite Plaintiff's request that she stop.

20. Ms. Johnson then escalated the incident by stating, "What are you going to do, fight me?"

21. The conduct was humiliating, racially charged, threatening, and offensive.

22. The incident occurred in front of witnesses, including coworkers and a resident.

23. Plaintiff felt unsafe and feared for her well-being.

24. Plaintiff reported the incident to management.

3

25. The Director of Nursing acknowledged that witnesses corroborated Plaintiff's report.

26. Plaintiff requested to be removed from the schedule with pay until management could ensure a safe working environment.

27. Defendant denied Plaintiff's request.

28. HR informed Plaintiff that the offending employee would continue working.

29. Defendant later concluded its investigation and stated it did not find evidence that Ms. Johnson called Plaintiff the racial slur, despite corroborating witnesses.

30. Defendant's response minimized the severity of the racial harassment.

31. Defendant failed to take prompt and effective remedial action reasonably calculated to end the harassment.

32. Defendant failed to provide assurances that Plaintiff would be protected from further racial hostility.

33. As a result of Defendant's failure to correct the situation, Plaintiff reasonably felt unsafe in the workplace.

34. The repeated use of an egregious racial slur is objectively severe conduct.

35. Defendant's handling of the investigation and refusal to take meaningful corrective action would dissuade a reasonable employee from complaining about discrimination.

36. As a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress, humiliation, anxiety, and economic damages.

## COUNT I
## RACE DISCRIMINATION HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

37. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-36.

38. Plaintiff is a member of a protected class (African American).

39. Plaintiff was subjected to unwelcome harassment.

40. The harassment was based on race.

41. The repeated use of a racial slur directed at or used in Plaintiff's presence was severe and objectively offensive.

42. The conduct was sufficiently severe to alter the terms and conditions of Plaintiff's employment and create a hostile work environment.

43. Defendant knew or should have known of the harassment.

44. Defendant failed to take prompt, effective remedial action.

45. Defendant's conduct violated Title VII of the Civil Rights Act of 1964.

46. As a direct and proximate result, Plaintiff suffered damages including emotional distress, humiliation, and economic loss.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

47. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-36.

48. Plaintiff engaged in protected activity when she complained about race discrimination.

49. Defendant was aware of Plaintiff's protected activity.

50. After Plaintiff complained, Defendant denied her request for temporary removal from the schedule with pay.

51. Defendant permitted the offending employee to continue working without meaningful discipline.

52. Defendant failed to provide a safe work environment following Plaintiff's complaint.

53. Defendant's actions constitute materially adverse conduct that would dissuade a reasonable employee from engaging in protected activity.

54. There is a causal connection between Plaintiff's protected activity and Defendant's adverse conduct.

55. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

56. As a result of Defendant's unlawful conduct, Plaintiff has suffered emotional distress, loss of income, and other damages.

<u>COUNT III</u>
<u>RACE-BASED HOSTILE WORK ENVIRONMENT IN VIOLATION OF
THE FLORIDA CIVIL RIGHTS ACT</u>

57. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-36.

58. Plaintiff is African American and a member of a protected class protected under Title VII.

59. Plaintiff was subjected to unwelcome conduct in the workplace.

60. The conduct included the repeated use of a racial slur in Plaintiff's presence after she expressly asked that it stop.

61. The racial slur used is objectively offensive and inherently severe.

62. The conduct was humiliating, threatening, and occurred in front of coworkers and a resident.

63. Defendant had actual notice of the harassment through Plaintiff's complaint and corroborating witnesses.

64. Despite this knowledge, Defendant failed to take prompt and effective remedial action reasonably calculated to end the harassment.

65. Defendant permitted the offending employee to continue working without meaningful corrective action.

66. The harassment was sufficiently severe to alter the terms and conditions of Plaintiff's employment and create a hostile work environment.

67. Defendant's conduct violated the Florida Civil Rights Act.

68. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, humiliation, anxiety, and economic damages

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

69. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-36.

70. Plaintiff engaged in protected activity under the Florida Civil Rights Act when she complained to management and Human Resources about race discrimination and the repeated use of a racial slur in the workplace.

71. Defendant was aware of Plaintiff's protected activity.

72. Following Plaintiff's complaint, Defendant failed to take prompt and effective corrective action to ensure a safe and non-hostile work environment.

73. Defendant denied Plaintiff's request to be temporarily removed from the schedule with pay while the matter was being addressed.

74. Defendant permitted the offending employee to continue working without meaningful discipline or safeguards.

75. Defendant's actions and inaction constitute materially adverse conduct that would dissuade a reasonable employee from opposing unlawful discrimination.

76. There is a causal connection between Plaintiff's protected activity and Defendant's adverse treatment.

77. Defendant's conduct constitutes unlawful retaliation in violation of the Florida Civil Rights Act.

78. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered emotional distress, humiliation, anxiety, and economic damages.

## COUNT V
## RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981

79.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-36.

80.     42 U.S.C. § 1981 prohibits race discrimination in the making and enforcement of contracts, including employment relationships

81.     Plaintiff is African American and a member of a protected class.

82.     Plaintiff had a contractual employment relationship with Defendant.

83.     Defendant, through its employees and agents, subjected Plaintiff to unwelcome harassment based on her race.

84.     The harassment included the repeated use of a severe and offensive racial slur in Plaintiff's presence, despite her request that it stop.

85.     The conduct was objectively severe, humiliating, and threatening, and it interfered with Plaintiff's ability to perform her job.

86.     Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action.

87.     Defendant's conduct impaired Plaintiff's contractual employment relationship on the basis of race.

88.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered emotional distress, humiliation, anxiety, and economic damages.

## COUNT VI
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

89.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-36.

90.     Plaintiff engaged in protected activity by complaining about race discrimination and the use of racial slurs in the workplace.

91.     Defendant was aware of Plaintiff's protected activity.

92.     After Plaintiff engaged in protected activity, Defendant subjected her to materially adverse actions.

93.     Such adverse actions included denying her request to be temporarily removed from the schedule with pay, failing to ensure a safe working environment, and allowing the offending employee to continue working without meaningful discipline.

94.     Defendant's actions would dissuade a reasonable employee from engaging in protected activity.

95.     There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

96.     Defendant's conduct constitutes unlawful retaliation in violation of 42 U.S.C. § 1981.

97.     As a direct and proximate result of Defendant's retaliation, Plaintiff suffered emotional distress, loss of income, and other damages.

### DEMAND FOR JURY TRIAL

98. Plaintiff demands a trial by jury on all issues triable by a jury.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests judgment against Defendant for damages, including:

    A. Enter judgment in her favor;

    B. Award back pay;

    C. Award front pay;

    D. Award compensatory damages;

    E. Award punitive damages;

    F. Award pre-judgment and post-judgment interest;

    G. Award attorney's fees and costs;

    H. Grant such other relief as the Court deems just and proper.

Dated: Wednesday, April 15, 2026.

Respectfully submitted,

**/S/ Kyle J. Lee**

Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
kyle@kyleleelaw.com
Team@kyleleelaw.com

11